**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| A.P., *by and through next friend* S.P.; S.P., *in her individual capacity*; C.H., *by and through her parents* C.W.H. *and* M.H.; *and* M.H., *in her individual capacity*,<br><br>*Plaintiffs*,<br>v.<br><br>STEVEN MARSHALL, *in his official capacity as Alabama Attorney General*,<br><br>*Defendant*. | Civil Case No.: 2:26-cv-00904-ECM-CWB |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1
ARGUMENT ............................................................................................. 2
CONCLUSION .......................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Christian G. v. Aetna Life Ins. Co.*,
2025 WL 934505 (D. Utah Mar. 27, 2025) .......... 2

*C.M. v. United States*,
2021 WL 1822305 (W.D. Tex. Mar. 31, 2021) .......... 3

*D.L. ex rel. Phan L. v. Bateman*,
2012 WL 1565419 (M.D. Fla. May 2, 2012) .......... 3

*Doe ex rel. Doe v. Patterson*,
2022 WL 22970677 (N.D. Ala. Oct. 25, 2022) .......... 3, 4

*Doe S.A.T. v. ESA P Portfolio TXNC Props. L.P.*,
2025 WL 1356519 (W.D. Tex. Mar. 13, 2025) .......... 4, 5

*Doe v. Bisignano*,
2026 WL 629526 (D.D.C. Mar. 6, 2026) .......... 4

*Doe v. Frank*,
951 F.2d 320 (11th Cir. 1992) .......... 4

*Doe v. Southfield Pub. Sch.*,
2024 WL 1526084 (E.D. Mich. Apr. 8, 2024) .......... 3

*Doe v. Stegall*,
653 F.2d 180 (5th Unit A. Cir. 1981) .......... 3, 4

*Eknes-Tucker v. Ivey*,
2022 WL 19983530 (M.D. Ala. May 3, 2022) .......... 3, 4

*Koe v. Noggle*,
2023 WL 11909781 (N.D. Ga. July 26, 2023) .......... 3

*SEAT v. Paxton*,
No. 1:25-cv-01662-RP, Minute Order (W.D. Tex. Dec. 11, 2025) .......... 2, 3

**Statutes**

Ala. Code § 8-19K-1 .......... 1

**Rules**

Fed. R. Civ. P. 5.2(a) .......... 1, 2, 3

Fed. R. Civ. P. 5.2(e) .......... 1, 2

M.D. Ala. L.R. 5.2(a)(2) ............................................................................1, 2
M.D. Ala. L.R. 5.2(b)......................................................................................1

Plaintiffs are two minors (A.P. and C.H.), suing through their parents (S.P., parent of A.P., and M.H. and C.W.H., parents of C.H.), as well as S.P and M.H. in their individual capacities. Pursuant to Federal Rules of Civil Procedure 5.2(a)(3) and (e)(1), Plaintiffs ask the Court to permit the parents, S.P., M.H., and C.W.H., to proceed under pseudonyms in this action to ensure the anonymity of the minor plaintiffs, A.P. and C.H. Upon resolution of this Motion, Plaintiffs will file a reference list under seal pursuant to Local Rule 5.2(b) disclosing the pseudonymous Plaintiffs' names.

## INTRODUCTION

Plaintiffs A.P. and C.H., both minor teenagers, and their parents Plaintiff S.P., Plaintiff M.H., and C.W.H., challenge the constitutionality of Alabama House Bill 161, the App Store Age Verification Consumer Protection Act (the Act), which creates an age-verification and parental-consent regime governing access to mobile apps. A.P. and C.H. are proceeding pseudonymously, as required by Federal Rule of Civil Procedure 5.2(a)(3) and Local Rule 5.2(a)(2). Requiring their parents—S.P., M.H., and C.W.H.—to disclose their own names publicly would lead to the discovery of the minor Plaintiffs' identities. Plaintiffs therefore ask the Court to allow these parents to proceed pseudonymously as well. Doing so would further the goals of Rule 5.2(a) and protect Plaintiffs' privacy without prejudicing Defendant.

Counsel for Plaintiffs asked counsel for Defendant whether he would consent to this motion on October 28 and 29, 2026. Defendant has not yet taken a position.

## ARGUMENT

The Federal Rules of Civil Procedure and Middle District Local Rules recognize the privacy interests of minors by requiring that any minor's full name must instead be abbreviated by their initials in any public filing. Fed. R. Civ. P. 5.2(a)(3); L.R. 5.2(a)(2). The Federal Rules also authorize the Court to "require redaction of additional information." Fed. R. Civ. P. 5.2(e)(1). The decision on additional redactions is soundly within the Court's discretion. Permitting the parent Plaintiffs to proceed under pseudonyms is warranted here.

*First*, parent pseudonymity is necessary to protect the minor Plaintiffs' identities. "[S]ociety has a 'transcendent interest' in 'safeguarding the physical and psychological well-being of a minor.'" *Christian G. v. Aetna Life Ins. Co.*, No. 4:25-cv-00023-AMA-PK, 2025 WL 934505, at *1 (D. Utah Mar. 27, 2025) (permitting adult whose claim accrued as a minor to proceed anonymously). That interest is undermined where, as here, a parent's name can be used to easily verify their child's name. Thus, in a recent constitutional challenge to a nearly identical law in Texas, the court granted pseudonymity to a minor plaintiff's parent, citing the "interest in protecting [the plaintiff's] privacy by concealing the identity of her father." *SEAT et al. v. Paxton*, No. 1:25-cv-01662-RP, Minute Order (W.D. Tex. Dec. 11, 2025).

Courts have consistently reached the same conclusion. *See, e.g.*, *Doe ex rel. Doe v. Patterson*, No. 5:22-CV-00835-HNJ, 2022 WL 22970677, at *7 (N.D. Ala. Oct. 25, 2022) (permitting parent pseudonymity given "the concern that revealing [the parent plaintiff's] identity will also publicly identify [the child plaintiff]"); *C.M. v. United States*, No. 21-CV-00234-JKP, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021) (permitting adult to proceed pseudonymously to prevent disclosure of his child's identity); *Koe v. Noggle*, No. 1:23-CV-2904-SEG, 2023 WL 11909781, at *3 (N.D. Ga. July 26, 2023) (same); *D.L. ex rel. Phan L. v. Bateman*, No. 3:12-CV-208-J-32JBT, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) (same; noting that "the fact that [the child plaintiffs] are minors, in and of itself, weighs heavily in favor of granting the Motion"); *Eknes-Tucker v. Ivey*, No: 2:22-cv-0184, 2022 WL 19983530, at *2 (M.D. Ala. May 3, 2022) (granting motion for minors and parents to proceed pseudonymously); *Doe v. Southfield Pub. Sch.*, No. 24-10760, 2024 WL 1526084, at *2 (E.D. Mich. Apr. 8, 2024) ("Courts frequently permit parents bringing suit on behalf of minors to remain anonymous, to protect the minor's identity."); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (even before enactment of Rule 5.2(a), reversing trial court and granting child plaintiffs and parents pseudonymity in First Amendment challenge in light of the "special status and vulnerability of … child-litigants").

*Second*, the privacy interests at stake are particularly acute as to A.P., who is disclosing highly personal information regarding her chronic medical condition and sexual orientation in connection with this litigation. *See* Dkt 3-2 ¶¶ 5, 13. This further supports pseudonymity, as courts have "permitted plaintiffs to proceed anonymously in cases involving … homosexuality," *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), and "when the minor suffers a … disability." *Patterson*, 2022 WL 22970677, at *5; *see also Doe v. Bisignano*, No. 26-400, 2026 WL 629526, at *1 (D.D.C. Mar. 6, 2026) (granting pseudonymity where plaintiff's disclosure of medical conditions made the case "a matter of a sensitive and highly personal nature") (collecting cases).

*Third*, the public interest in the Plaintiffs' identities is minimal because this suit challenges broad government action. *See Stegall*, 653 F.2d at 185 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."). Recognizing this, courts have permitted pseudonymity in similar cases. *See*, *e.g.*, *id.*; *Eknes-Tucker*, 2022 WL 19983530, at *2 ("This case challenges governmental activity as opposed to alleging wrongdoing by a particular defendant. So, there is no fundamental unfairness in naming the Defendants while allowing Dr. Koe to remain anonymous.").

*Finally*, the requested relief will not prejudice the State given that Plaintiffs will make their names available to Defendant under seal. *See id.* at *1; *see also Doe S.A.T. v. ESA P Portfolio TXNC Props. L.P.*, No. 1:24-cv-642-RP, 2025 WL

1356519, at *2 (W.D. Tex. Mar. 13, 2025) (finding "low risk of prejudice to Defendants" where plaintiff "agreed to reveal her identity for purposes of investigating her claim").

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court enter an order permitting S.P., M.H., and C.W.H. to proceed in this action under pseudonyms alongside the pseudonymous minor Plaintiffs, and that any reference to the Plaintiffs or C.W.H. in public court filings or statements use only these pseudonyms absent their consent.

DATED: October 29, 2026

Respectfully submitted,

By:*/s/ John G. Thompson*

Adam S. Sieff*
Haley B. Zoffer*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Tel: 213.663.6800
adamsieff@dwt.com
haleyzoffer@dwt.com

Ambika Kumar*
Nicole Saad Bembridge*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Tel: 206.622.3150
ambikakumar@dwt.com
nicolesaadbembridge@dwt.com

Abigail B. Everdell*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020-1104
Tel: 212.489.8230
abigaileverdell@dwt.com

David M. Gossett*
Celyra Myers*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
Tel: 202.973.4200
davidgossett@dwt.com
celyramyers@dwt.com

John G. Thompson
Mary Clark Logan
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
Tel: 205.581.0700
jthompson@lightfootlaw.com
mclogan@lightfootlaw.com

*Attorneys for Plaintiffs*

*pro hac vice application forthcoming