IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.P., *by and through next friend S.P.*, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 2:26-cv-00904-BL |
| STEVEN MARSHALL, | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the court is the Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (doc. 21), filed on October 29, 2026. To date, the Defendant has not filed an opposition to the motion. For good cause, the motion is due to be granted.

Generally, every pleading must "name all the parties." Fed. R. Civ. P. 10(a). However, a party may be allowed to proceed under a pseudonym in certain circumstances. The party must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011)). The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316).

Two of the Plaintiffs in this case are minors. The motion is clearly due to be granted with respect to those Plaintiffs. *See* Fed. R. Civ. P. 5.2(a)(3); Local Rule 5.2(a). The other three Plaintiffs are the minor Plaintiffs' parents; they request to proceed under pseudonyms because disclosing their own names publicly would lead to the discovery of the minor Plaintiffs' identities. (Doc. 22 at 5).

The Plaintiffs highlight that they are challenging governmental activity and that one of the minor plaintiffs is "disclosing highly personal information regarding her chronic medical condition and sexual orientation in connection with this litigation." (Doc. 22 at 8). These facts support allowing the Plaintiffs to proceed under pseudonyms. The court may consider whether "the plaintiffs seeking anonymity [are] challenging governmental activity" and whether they will "be required to disclose information of the utmost intimacy." *Francis*, 631 F.3d at 1316; *see Eknes-Tucker v. Ivey*, No. 2:22-CV-0184-LCB-SRW, 2022 WL 19983530, at *2 (M.D. Ala. May 3, 2022) ("This case challenges governmental activity as opposed to alleging wrongdoing by a particular defendant. So, there is no fundamental unfairness in naming the Defendants while allowing [plaintiff] to remain anonymous."). Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness [and] homosexuality" because "[i]n these cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the

presumption of openness in court proceedings." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

To preserve the children's privacy, the parents should proceed under a pseudonym. *See Doe as Next Friend of Doe v. Patterson*, No. 5:22-CV-00835-HNJ, 2022 WL 22970677, at *6 (N.D. Ala. Oct. 25, 2022) ("[The defendant's] interest in public disclosure of [the parent's] identity must yield to concerns over preserving [the minor's] privacy."); *D.L. ex rel. Phan L. v. Bateman*, No. 3:12-CV-208-J-32JBT, 2012 WL 1565419 (M.D. Fla. May 2, 2012), (concluding that the "same considerations also support allowing [the parents] to proceed anonymously, because public disclosure of their identities would nullify any privacy protection given to their children alone.").

Accordingly, for good cause, it is **ORDERED** that the Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (doc. 21) is **GRANTED**.

**DONE** and **ORDERED** on this the 10th day of November, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE