IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| A.P., *by and through next friend S.P.*, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 2:26-cv-00904-BL |
| STEVEN MARSHALL, | ) | |
| Defendant. | ) | |

**ORDER**

Upon review of this action and the action styled *Computer & Communications Industry Association v. Marshall*, Case No. 2:26-cv-00897-BL-SMD, the court finds that both cases involve common questions of law and fact. A federal court may consolidate actions that "involve a common question of law or fact." Rule 42(a), FED. R. CIV. P. "[This] Rule is 'permissive and vests a purely discretionary power in the district court.'" *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Consolidation promotes the court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations and internal punctuation omitted). In evaluating whether to consolidate actions, the court must

consider "the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." *Id.* The court must also consider "whether the specific risks of prejudice and possible confusion [are] overborn by the risk of inconsistent adjudications[,] . . . the burden on the parties, witnesses[,] and available judicial resources[,] . . . the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

The court finds that consolidating this action with the action styled *Computer & Communications Industry Association v. Marshall*, Case No. 2:26-cv-00897-BL-SMD, will promote judicial economy, avoid unnecessary cost and delay, and will mitigate the risk of inconsistent rulings on claims, defenses, and legal and factual issues that are common to both cases.

Accordingly, it is **ORDERED** as follows:

1. Case No. 2:26-cv-00904-BL-SMD shall be consolidated with Case No. 2:26-cv-00897-BL-SMD;

2. The Clerk of Court is **DIRECTED** to **DESIGNATE** Case No. 2:26-cv-00897-BL-SMD as the **LEAD** case; and

3. The Clerk of Court is **DIRECTED** to file a copy of this order in both cases.

4. Any party that has an objection to this consolidation may file notice of its objection within 7 days of the entry of this order.

**DONE** and **ORDERED** on this the 10th day of November, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE